UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GMAC MORTGAGE LLC,<br><br>　　　　　Defendant. | CASE NO. C12-2017-MJP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the motion of Defendant First American Title Insurance Company ("First American") for summary judgment. (Dkt. No. 50.) Having reviewed the motion, Plaintiff's response (Dkt. Nos. 64-68), Defendant First American's reply (Dkt. No. 79), and all related papers, the Court GRANTS the motion.

**Background**

This case concerns a piece of property in Seattle, Washington, currently owned by Plaintiff. (Dkt. No. 4-1 at 4.) The relevant facts of this case begin in 1999 when the property's prior owner, Linda Nicholls, executed an adjustable rate note for $100,000 from Old Kent Mortgage Company. (Dkt. No. 64-1 at 4.) To secure the note, Nicholls executed a Deed of

1   Trust against the property in favor of Old Kent Mortgage Property. (Dkt. No. 51-1 at 15.) The

2   Nicholls Deed of Trust was recorded in King County. (Id. at 2.) The parties agree the Nicholls

3   Deed of Trust continues to encumber the property.[1]

4       Approximately six years later, Nicholls borrowed money from Plaintiff, which was

5   secured by a third-position deed of trust. (Dkt. Nos. 51-3, 51-4). When Nicholls defaulted,

6   Robertson foreclosed on his deed of trust. Robertson purchased the property. (Dkt. No. 51-2 at

7   2.) The property remained subject to the Nicholls Deed of Trust. (Dkt. No. 4-1 at 9). Robertson

8   continues to own the property. (Dkt. No. 4-1 at 8.)

9       First American had limited involvement in these events. In February 2007, First

10  American was appointed successor trustee on the Nicholls Deed of Trust. (Dkt. No. 51-4.) It

11  held that position for approximately 3 years, until LSI Title Agency, Inc. ("LSI") was appointed

12  successor trustee. (Dkt. No. 51-5) During its tenure as successor trustee, First American issued

13  three notices of trustee sales. (Id. at 7, Dkt Nos. 51-7, 51-8.) The prospective date of each sale

14  was 6/15/2007, 4/17/2009 and 6/25/2010. (Id.) In each instance, First American discontinued

15  the trustee sales before any sale. (Dkt. Nos. 51-7 at 8, 51-8.) In a letter dated October of 2009,

16  Plaintiff's counsel altered First American of Plaintiff's ownership of the property and requested

17  any pending sales be discontinued. (Dkt. No. 65.) The record is unclear about whether Plaintiff

18  knew of the 2007 and 2009 trustee sales before First American discontinued them. (Id.) The

19  letter indicates Plaintiff had not received notices for either of those trustee sales. (Id.)

---

[1] Plaintiff asserts in the complaint that Nicholls has "no power to grant the Nicholls DOT." Plaintiff offers no evidence on summary judgment however to support this position.

First American now moves for summary judgment on all of Plaintiff's claims. Robertson did not file a response brief, but did file several declarations in opposition to summary judgment. (Dkt. No. 64-68.)

**Analysis**

A. Legal Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printed Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed.R.Civ.P. 56(c)(1). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. U.S. v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

B. Wrongful Foreclosure

Plaintiff contends First American violated Washington's Deed of Trust Act ("DTA") by wrongfully initiating foreclosure proceedings. The DTA establishes the procedures and requisites for nonjudicial foreclosure of residential property. See e.g. RCW 61.24.040. In enacting the DTA, the Washington legislature sought to promote three primary goals: "(1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process

1  should result in interested parties having an adequate opportunity to prevent wrongful
2  foreclosure; and (3) that the process should promote stability of land titles." Plein v. Lackey,
3  149 Wn.2d 214, 225 (2003).  Under certain circumstances, the DTA allows for the recovery of
4  actual monetary damages where the borrower has failed to enjoin the trustee's sale and seeks
5  damages arising from the trustee's failure to comply with the requirements of the DTA.
6  McDonald v. OneWest Bank, 2013 WL 858178, *5 (W.D.Wash.,2013) But, Washington law
7  draws the line at recovery of damages only where an actual sale occurs.  (Id.)  Until that time, a
8  borrower's only remedy under the DTA is to seek to enjoin the sale. (Id. at *5-6.)

9  Plaintiffs claim for damages against First American for irregularities in foreclosure
10 proceedings fails as a matter of law.  There is no dispute Plaintiff still has possession of his
11 property and First American never participated in a fully realized trustee sale.  Although
12 Robertson complains about some aspects of the notices First American sent, even if true, there is
13 no cause of action where no sale occurs.  See Vawter v. Quality Loan Serv. Corp. of Wash., 707
14 F.Supp.2d 1115, 1123 (W.D.Wash.2010).  Here, First American cancelled all three trustee sales.
15 Consequently, Plaintiff has no claim for wrongful initiation of foreclosure proceedings against
16 First American. The Court GRANTS summary judgment as to the DTA claim.

17   C.  Breach of Fiduciary Claim
18   Next, Plaintiff claims First American violated its fiduciary duty to him.  This claim also fails
19 as a matter of law because a trustee has no fiduciary duty to a person with interest in the
20 property.  Washington law explicitly rules out such a duty:

21  > The trustee or successor trustee shall have no fiduciary duty or fiduciary
   > obligation to the grantor or other persons having an interest in the property subject
22 > to the deed of trust.

23
24

1  RCW 61.24.010(3).  Because First American had no fiduciary obligation to Plaintiff, his claim

2  fails and summary judgment is granted to First American.

3      D.  CPA

4      Defendants argue the CPA claim is legally insufficient.  The Court agrees.

5      The elements of a Consumer Protection Act ("CPA") claim in Washington are (1) an unfair

6  or deceptive act or practice, (2) occurring in trade or commerce, (3) impacting the public interest,

7  (4) resulting in injury to the plaintiff in his business or property, and (5) causation. Hangman

8  Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

9      Plaintiff cannot establish the first element of a CPA claim.  The CPA does not define "unfair

10 or deceptive" for purposes of the first element. Whether an act is unfair or deceptive is a question

11 of law. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150 (1997). Washington

12 courts have held that a deceptive act must have the capacity to deceive a substantial portion of

13 the population ( Sing v. John L. Scott, Inc., 134 Wn.2d 24, 30 (1997)) and "misleads or

14 misrepresents something of material importance" (Holiday Resort Cmty. Ass'n v. Echo Lake

15 Assocs., LLC, 134 Wn. App. 210, 226 (2006)).

16     Plaintiff's claim is premised on the notion that First American's issuance of allegedly

17 defective notices of trustee sale violates the DTA and thereby constitutes a per se violations of

18 the CPA.  (Dkt. No. 4-1.)  This Court cannot find any authority for such a proposition and

19 Plaintiff does not cite any.  Nor does Plaintiff present any argument as to how these alleged

20 violations are otherwise deceptive or constitute an unfair business practice, which deceives a

21 substantial portion of the population.

22     Plaintiff's claim also fails because he cannot show First American's conduct cause any injury

23 or damage.  "Personal injuries, as opposed to injuries to 'business or property,' are not

24 compensable and do not satisfy the injury requirement." Panag v. Farmers Ins. Co. of Wash., 166

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 5

Wn.2d 27, 57 (2009). Plaintiffs may not, therefore, recover for any emotional distress caused by defendants' deceptive acts. With regard to any claimed damages, "plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." Indoor/Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 84 (2007).

First, as to injury, Plaintiff does not offer any explanation or legal theory on this element of a CPA claim. Second, even if injury existed, the record lacks any evidence First American's actions proximately cause any damage to him. Specifically, Plaintiff alleges in his Complaint the loss of use of the property, a loss of revenue, and other losses suffered from liquidating securities in anticipation of a settlement with the holder of the Nicholls Note. But, these damages cannot be laid at defendant's feet. Plaintiff purchased property subject to a first-position deed of trust. Regardless of the acts of First American, Plaintiff's property was still subject to the Nicholls' deed of trust and his ability to sell or develop the property—the damages he claims—necessarily limited. Plaintiff's CPA claim fails as a matter of law.

E. Little RICO

Washington enacted the Criminal Profiteering Act, RCW 9A.82, or "little RICO" to combat organized crime. Winchester v. Stein, 135 Wn.2d 835, 849 (1998). The statute requires an injury to a person, business or property by an act of criminal profiteering, which requires a commission of specific enumerated felonies for financial gain, that is part of a pattern of criminal profiteering (three or more acts within a five year period that are similar or interrelated to the same enterprise) and damages. RCW 9A.82.010(4).

Here, Plaintiff fails to establish any genuine issue of material fact First American violated RCW 9A.82. Liability under RCW 9A.82 is limited in scope only to the specific felonies listed in the statute, including organized retail theft, arson, kidnapping, and commercial bribery. RCW

9A.82.010(4).  In contrast to those acts, First American's only participation with the events of this case was to issue three notices of trustee sales.  Because sending a notice of a trustee sale, even if they were defective under the DTA's requirements, are not listed as one of the specific enumerated felonies constitute indictable criminal acts under Washington law, First American cannot be liable under RCW 9A.82.  The Court GRANTS summary judgment in favor of First American on this claim.

F.  Outrage

An Intentional Infliction of Emotional Distress ("IIED") claim in Washington requires (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the actual result to the plaintiff of severe emotional distress. Kloepfel v. Bokor, 149 Wn.2d 192, 195-96 (2003). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and tend to be regarded as atrocious, and utterly intolerable in civilized society." Id. at 196. Whether particular conduct rises to the requisite level of outrageousness is "ordinarily a question of fact for the jury." Dombrosky v. Farmers Ins. Co. of Washington, 84 Wn. App. 245, 261 (1996). The Court, however, may dismiss a claim if reasonable minds could not differ as to whether the alleged conduct was sufficiently extreme. Id. at 261-62.

Here, Plaintiff does not establish a prima facia case of outrage.  First, no reasonable mind could find First American's alleged conduct, of sending three notices of trustee sales, as outrageous.  Nor has he put forward any evidence to support an allegation that First American intentionally sought to inflict emotional distress.  Finally, Plaintiff does not offer any evidence showing the notices of trustee sale, as opposed to other defendants' acts, cause him severe

emotional distress. As such, his claim for intentional infliction of emotional distress cannot proceed.

G. Fraud

To succeed past the summary judgment stage, Plaintiff must prove all nine elements of a claim for fraud. The nine elements of fraud are (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speakers knowledge of the falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of the falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely on it, and (9) damages suffered by the plaintiff. Stiley v. Block, 130 Wn.2d 498, 504 (1996).

Discerning the contours of Plaintiff's fraud claim is difficult because his complaint only generally alleges wrong-doing by First American and he did not file a responsive brief to this motion for summary judgment. (Dkt. No. 4-1.) But, he appears to plead a fraud claim on the basis First American failed to confirm the holder of the Nicholls Note prior to issuance of these notices.

Plaintiff's claim for fraud against Robertson fails on the element of damages. To succeed on a fraud claim Plaintiff must show the purported fraudulent representation was the proximate cause of his alleged damages. See Turner v. Enders, 15 Wn. App. 875 (1976) (holding that damages for fraud are measured by all losses proximately caused by the fraud). Here, as discussed in the preceding sections, Plaintiff bought property subject to a first-position deed of trust. His subsequent inability to develop the property is a result from his purchase choice and not from First American's issuance of three notices of trustee sales, which were cancelled. The Court grants summary judgment to First American on this claim too.

//

//

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT- 8

**Conclusion**

Because there is no genuine issue of material fact needing resolution at trial against First American, the Court GRANTS the motion for summary judgment.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of April, 2013.

Marsha J. Pechman
Chief United States District Judge