UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE LLC,<br><br>    Defendant. | CASE NO. C12-2017-MJP<br><br>ORDER DENYING MOTION TO AMEND |

This matter comes before the Court on Plaintiff's motion to amend his complaint. (Dkt. No. 97.) Having reviewed the motion, Defendant's responses (Dkt. Nos. 100-01), a letter from LSI Title Agency (Dkt. No. 102), Plaintiff's reply (Dkt. No. 104), and all related papers, the Court DENIES the motion.

**Analysis**

Under Rule 15(a), leave to amend should be given freely when justice so requires. Amendment should be granted absent evidence of bad faith, undue delay or prejudice to the opposing party. Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). However, if a proposed amendment is futile or legally insufficient, the Court should not grant leave. Gordon v. City of

ORDER DENYING MOTION TO AMEND- 1

Oakland, --- F.3d ---, 2010 WL 4673695, at *2 (9th Cir. 2010). A proposed amendment is futile "if no set of facts can be provided under the amendment to the pleading that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Additionally, in this Court a party moving to amend a complaint must also comply with the Local Civil Rule ("LCR"), which requires:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LCR 15(a).

Plaintiff moves to amend the complaint in order to re-join LSI and re-allege claims against First American. The Court finds Plaintiff's motion fails both in form and in substance.

As to form, Plaintiff fails to comply with LCR 15. Plaintiff's pleading is deficient because the proposed amended complaint does not adequately identify the differences with the original. LCR 15 requires a party to bracket or strike through text to be deleted and to underline the proposed additions. Rather than comply with these requirements, Plaintiff added an "a" to each paragraph number where a change appears. (Dkt. No. 97-1.) But, short of comparing every word in those paragraphs to those in the original complaint, the Court cannot identify the specific differences. This task is made all the more difficult by the extensiveness of the pleading and amendments: Both the original and proposed amended complaint is 65 pages long and with over 77 paragraphs containing some proposed change. The Court denies the motion because Plaintiff fails to comply with LCR 15.

ORDER DENYING MOTION TO AMEND- 2

1       As to substance, Plaintiff's motion also fails because it mischaracterizes Washington law.

2 Based on the Washington State Supreme Court's decisions in <u>Klem v. Wash. Mutual Bank</u>, 295

3 P.3d 1179 (Wash. Feb. 28, 2013), and <u>Schroeder v . Excelsior Management Group, LLC</u>, No.

4 86433-1, 2013 WL 791863 (Wash. Feb. 28, 2013), he argues this Court should allow him to

5 assert claims based on procedural irregularities with the now discontinued trustee sales. (Dkt.

6 No. 97 at 1.) Specifically, he urges, "there is new evidence that Washington State Law has been

7 interpreted so as to recognize a claim against a party purporting to act as trustee under

8 Washington's Deed of Trust Act…and/or violations therein." (Dkt. No. 97 at 1.) Contrary to

9 Plaintiff's representations, neither case supports amendment here.

10       In <u>Schroeder</u>, the Washington Supreme Court addressed the statutory requirements in the

11 Deed of Trust Act ("DTA") that require judicial supervision when agricultural land is foreclosed.

12 The Court held the parties cannot contractually waive these requirements during refinancing by

13 stipulating the property is non-agricultural land. 2013 WL 791863 at *4. Additionally, the Court

14 found the trustee's act of proceeding with a nonjudicial foreclosure sale on agricultural land,

15 when it knew or should have known the property was actually used for such a purpose, was

16 unfair or deceptive under Washington Consumer Protection Act ("CPA"):

17     Similarly, the act of a loan servicer or other beneficiary <u>to proceed with a nonjudicial foreclosure</u> on land it knows or should know to be agricultural land in
18     clear violation of the statute has the capacity to be unfair or deceptive.

19 <u>Schroeder</u>, 2013 WL 791863 at *8 (emphasis added). <u>Schroeder</u> cannot be untangled from the

20 law and facts of that case. In <u>Schroeder</u>, there was a clear statutory mandate that foreclosure of

21 agricultural land be judicially supervised. Yet, despite that law, the trustee chose to proceed with

22 a nonjudicial sale. The case before the bar has neither of those circumstances.

23

24

ORDER DENYING MOTION TO AMEND- 3

Klem addressed a trustee's widespread practice of falsely dating notarized documents, which allowed for quicker sale. 2013 WL 791816 *1182. In Klem the guardian of an elderly homeowner, who was delinquent on her mortgage, secured a signed purchase and sale agreement about three times the debt owed against it, but closing was not scheduled beyond the scheduled foreclosure sale date. (Id.) Under orders from the Bank not to delay the sale, the trustee proceeded with the nonjudicial foreclosure sale, which sold for less than the purchase and sale agreement secured by the guardian. (Id. at *1184.) The Court found the practice of falsely dating notarized documents, thereby hastening the sale, was deceptive. Although Klem addressed pre-sale irregularities, the Court does not find the case stands for a trustee's broad liability for damages, when no sale has occurred. As this Court has repeatedly recognized, pre-sale remedies are limited and do not include damages under the DTA. See Vawter v. Quality Loan Serv. Corp. of Wash., 707 F.Supp.2d 1115, 1123 (W.D.Wash.2010)

Additionally, Plaintiff's reliance on Cervantes v. Countywide, 656 F.3d 103 (9th Cir. 2011), for the proposition that this Court should predict the course of Washington law is misplaced. (Dkt. No. 97 at 10.) In Cervantes, the Ninth Circuit rejected the notion that where Arizona law did not explicitly recognize a claim for foreclosure prior to a home's sale, Plaintiff's could maintain such a claim. Instead, Cervantes cautioned federal courts from "trailblazing initiatives under [state law]" Cervantes, 656 F.3d 1043 (quoting Ed Peters Jewelry Co. v. C & J Jewelry Co., Inc., 124 F.3d 252, 262–63 (1st Cir. 1997)). Here, the Court finds no basis to interpret Washington law as allowing actions for damages under the DTA against trustees prior to sale.

Finally, the Court notes LSI has already been dismissed from this case with prejudice. Plaintiff offers no authority, which would permit, after dismissal with prejudice, this Court to re-

ORDER DENYING MOTION TO AMEND- 4

join LSI. The primary meaning of the term "dismissal with prejudice" is dismissal that bars plaintiff from returning later, to the same court, with the same underlying claim. In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) ("We, of course, have no quarrel with the general premise that a dismissal with prejudice has res judicata effect.") Despite this general and well recognized principle, Plaintiff seeks to re-litigate claims already dismissed against LSI. Because he fails to offer a legal theory that allows such amendment, the motion is DENIED.

## Conclusion

The Court DENIES the motion to amend because it fails to comply with LCR 15. Further, amendment is futile because Washington does not recognize the claims Plaintiff proposes and LSI has been dismissed with prejudice from this case. The clerk is ordered to provide copies of this order to all counsel.

Dated this 22nd day of May, 2013.

Marsha J. Pechman
Chief United States District Judge