1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                     AT SEATTLE

10   DUNCAN K ROBERTSON,                    CASE NO. C12-2017-MJP

11                    Plaintiff,            ORDER GRANTING MOTIONS
                                            (DKT. NOS. 114, 115)
12          v.

13   GMAC MORTGAGE LLC, et. al,

14                    Defendants.

15

16          This matter comes before the Court on Defendants J.P. Morgan Chase and BankOne

17   National Association's motion to dismiss.[1]  (Dkt. No. 114)  Defendants GMAC Mortgage, LLC,

18   Executive Trustee Services, LLC, Residential Funding Real Estate Holdings, LLC, Residential

19   Funding Corporation, Residential Funding Company, LLC, and Homecomings Financial, LLC

20   (collectively, the "GMAC Defendants") join in the motion and also move for summary judgment

21   on two of Plaintiff's claims.  (Dkt. No. 115.)  Having reviewed the motions, Plaintiff's responses

22

23          _____

24          [1] Chase is the successor by merger to Bank One National Association.  For convenience,
     the Court refers to them both as "Chase."

1   (Dkt. Nos. 118, 120), the replies (Dkt. Nos. 119, 124), and all related papers, the Court GRANTS

2   the motions.

3                                       **Background**

4       This case concerns a piece of property in Seattle, Washington, currently owned by

5   Plaintiff Duncan Robertson.  (Dkt. No. 4–1 at 4.)  The relevant facts of this case begin in 1999

6   when the property's prior owner, Linda Nicholls, executed an adjustable rate note for $100,000

7   from Old Kent Mortgage Company. (Dkt. No. 64–1 at 4.)  Ms. Nicholls inherited the property

8   from her mother.  To secure the note, Nicholls executed a Deed of Trust against the property in

9   favor of Old Kent Mortgage. (Dkt. No. 51–1 at 15.) The Nicholls Deed of Trust was recorded in

10   King County. (Id. at 2.)  Since 1999, the Nicholls' Note and Deed of Trust have been assigned

11   several times.  Plaintiff has never been a party to those instruments.

12       In 2006, Nicholls borrowed money from Plaintiff.  The loan was secured by a third-

13   position deed of trust, which was junior to the Nicholls' Deed of Trust. (Dkt. Nos. 51–3, 51–4).

14   Nicholls defaulted on the loan from Robertson.  Robertson then foreclosed on his deed of trust.

15   In the resulting non-judicial foreclosure sale, Robertson purchased the property. (Dkt. No. 51–2

16   at 2.)  The Nicholls' Deed of Trust continued to encumber the property, even after Robertson's

17   foreclosure on the junior obligation.

18       Robertson wanted to pay off the Nicholls' senior deed of trust obligation. Most of his

19   claims asserted in this case involve these alleged attempts.  (Dkt. No. 4-1 at 11.)  Defendant

20   Homecomings for example, told him the Nicholls' Deed of Trust and Note were not assumable.

21   He made several offers to satisfy Nicholls' obligation, but he alleges none were accepted by

22   Homecomings or other Defendants.  (Dkt. No. 4-1 at 11.)  At least two non-judicial trustee sales

23

24

1    were scheduled, but eventually cancelled.  (Dkt. No. 4-1 at 22.) Robertson is still in possession

2    of the property.

3          Plaintiff initiated this case in King County asserting 12 causes of action against various

4    parties who had dealings with the Nicholls' Deed of Trust.  (Dkt. No. 4-1.)  Defendants removed

5    the case to this Court.  (Dkt. No. 1)  Trial is scheduled for January 2014.  All but two claims

6    against GMAC remain stayed however, due to its Bankruptcy filing.  (Dkt. No. 55.)

7          Defendant Chase moves for dismissal because even if the allegations in the complaint are

8    taken as true, Robertson fails to state a claim.  (Dkt. No. 114.) GMAC Defendants join in that

9    motion as to two of the claims asserted by Plaintiff: declaratory judgment and quiet title.[2]

10   GMAC Defendants also move for summary judgment on these two claims.

**Discussion**

A.  Motion to Dismiss

12         A motion to dismiss under Rule 12(b)(6) may be based on either the lack of a cognizable

14   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri

15   v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

16   as admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d

17   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

18   not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

19   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

20   elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

21   (2007) (internal citations omitted).

**1.  Declaratory Judgment**

---

[2] GMAC Defendants have filed for Bankruptcy, which stays all but these two claims.  (See Dkt. No. 55.)

1    Under Washington's Declaratory Judgment Act, courts are authorized to "declare rights,

2  status and other legal relations." Nollette v. Christianson, 115 Wn.2d 594, 598 (1990). Absent

3  major issues of public importance, a justiciable controversy must exist before a court's

4  jurisdiction may be invoked under the act. Kitsap County v. Smith, 143 Wn. App. 893, 902-903

5  (2008). For a declaratory judgment, a justicibable controversy is "… an actual, present and

6  existing dispute, or the mature seeds of one, as distinguished from a possible, dormant,

7  hypothetical, speculative or moot disagreement…" Id., quoting Nollette, 115 Wn.2d at 599.

8    Here, Robertson asks for a declaratory judgment that (1) Defendants have violated the

9  laws of the State of Washington in their efforts to hold foreclosure sales of the property, (2)

10 Defendants are not entitled to conduct a foreclosure sale of the property, (3) the Nicholls' Deed

11 of Trust is and should be declared void, invalid, and of no further force or effect as a lien against

12 the Property records. (Dkt. No. 4-2 at 2.)  Because Robertson is a stranger to the Nicholls' Deed

13 of Trust, which precludes his challenge to any procedural irregularities with the foreclosure

14 process under the Deed of Trust Act (DTA), and because he fails to establish the Nicholls' Deed

15 of Trust is invalid, the Court dismisses the Declaratory Judgment claim against Chase and

16 GMAC Defendants.

17    a.   Deed of Trust Act related claims

18    First, Plaintiff is under the mistaken belief that he has standing to challenge any aspect of

19 Defendants' past efforts to foreclose on the property.  The point of the Deed of Trust Act is to

20 protect borrowers from harsh practices by lenders during non-judicial foreclosures.  Walker v.

21 Quality Loan Serv. Corp., ___ Wn. App. ___, 2013 WL 3989666 (Div.1, Aug. 5, 2013).  When

22 in the course of a non-judicial foreclosure sale, a lender violates the terms of the DTA, in some

23

24

ORDER GRANTING MOTIONS (DKT. NOS. 114,
115)- 4

1    instances, a borrower may sue for damages.[3]  Id.  Notably, the class of persons entitled to bring

2    suit under the DTA for damages is limited to those persons with a financial stake in the loan

3    transaction – the borrower or grantor.  RCW 61.24.127(1).  It is in the latter category—grantor—

4    that Robertson claims to belong.  (Dkt. No. 118 at 11.)  His argument is entirely based on his

5    current ownership of the property.  (Id. at 12)  Under Robertson's theory, anyone who purchases

6    property subject to a senior lien or deed of trust obligation automatically obtains "grantor" status

7    under the DTA.  Robertson offers no authority to support his theory.  And, in the context of the

8    DTA, Washington courts have exclusively used the term "grantor" for those parties who have a

9    financial stake in the deed of trust.  See e.g. Rucker v. Novastar Mortg., Inc., --- P.3d ----, 2013

10   WL 5537301 (Div.1, August 05, 2013)(party to deed of trust is the grantor); Umpqua Bank v.

11   Santwire,  175 Wn. App. 1068 at *3 (Div. 1, 2013) (explaining the relationship between parties

12   in the note and deed of trust as "the borrower becomes the grantor of the deed of trust and the

13   lender is the beneficiary."); Barnhart v. Fidelity Nat. Title Ins. Co., 2013 WL 5739023 *2 (Oct.

14   2, 2013, E.D.Wash.)(holding daughter of borrower had no claim under the DTA where she was

15   not a party to the loan agreement.)

16        Nor does the statute itself support the theory that Robertson is a "grantor."  The DTA

17   defines grantor as: "a person, or its successors, who executes a deed of trust to encumber the

18   person's interest in property as security for the performance of all or part of the borrower's

19   obligations."  RCW 61.24.005(7).  From the plain language of that provision, it cannot be

20   inferred that a "grantor" is any person with an interest in the property.  Robertson never executed

21   the Nicholls' Deed of Trust nor is he a successor to Ms. Nicholls.  (Dkt. 118 at 12.)  Robertson

22   ────────────────────

23        [3] This Court has certified questions to the Washington Supreme Court on whether a claim
     for damages exists for procedural violations of the DTA in the absence of a non-judicial

24   foreclosure sale.  See Frias v. Asset Foreclosures Services, Inc. et al, 2:13-cv-00760-MJP.

also attempts to use the "successor" definition in the Nicholls' Deed of Trust to piggyback his way into rights under the DTA.  He ignores, however, the entirety of the provision, which requires a person, who has an ownership interests in the property and who seeks to enjoin a foreclosure sale to assume the borrowers' obligations under the security instrument in writing and for that proposal to be approved by the lender.  (Dkt. Nos. 51-1 at 65.)  Here, Robertson has not assumed those obligations; Defendants have no duty to him.  Consequently, there is no controversy for this Court to resolve.

The only limited standing Robertson may have is to cure the default on the Nicholls' Deed of Trust if a sale were pending:

> the borrower, grantor, any guarantor, any beneficiary under a subordinate deed of trust, or any person having a subordinate lien or encumbrance of record on the trust property or any part thereof, shall be entitled to cause a discontinuance of the sale proceedings by curing the default or defaults set forth in the notice, which in the case of a default by failure to pay, shall be by paying to the trustee

RCW 61.24.090.  But no sale is pending and this is not the issue before the Court.  Instead, Robertson asks the Court to declare has rights under a statue that simply does not recognize any duty owed to him by Chase or GMAC Defendants.  Plaintiff bought a piece of property encumbered by a Deed of Trust, his current ownership of the property does not serve as a basis for a declaratory judgment under the DTA.

In response to this motion, Plaintiff for the first time argues that the DTA is unconstitutional.  Even if this claim were properly pled in a response brief, it fails because Plaintiff does not show he first gave notice to the Washington Attorney General, a pre-requisite for a constitutional challenge.  RCW 7.24.110.

b.  Invalidity of Nicholls Deed of Trust

Robertson also asks the Court to declare the Nicholls' Deed Trust void on the basis that Linda Nicholls lacked title when she executed that document.  (Dkt. No. 120 at 14.)  He alleges

1   "Nicholls had no power to grant the Nicholls DOT on November 1, 1999," thus rendering that

2   document, and its encumbrance on the property void.  (Dkt. No. 4-1 at 9.)  This Court has

3   already rejected this argument, finding Robertson fails to allege sufficient facts to support it

4   and/or offer evidence to this point.  (Dkt. No. 111 at 2.)  In addition, the record also refutes

5   Robertson's allegations because it shows Ms. Nicholls' inherited the property from her mother.

6   (Dkt. No. 64-1 at 2.)  The Statutory Warranty Deed acknowledges the transfer to Linda Nicholls

7   "pursuant to King County Probate Court Order Filed October 11, 1999…in re Estate of Thelma

8   Louise…Deceased."  (Id.)  This is consistent with RCW 11.04.250, which mandates that when a

9   person with interest in real property dies, the title vests immediately in the deceased heirs.

10  Consequently, Nicholls acquired her ownership in the property immediately upon the death of

11  her mother and before executing the Deed of Trust.

12          Because Plaintiff fails to allege sufficient facts showing a controversy exists or that he is

13  entitled to a declaratory judgment, the Court DISMISSES his claims against Chase and GMAC

14  Defendants.

15              **2.  Quiet Title**

16          Washington law provides in a quiet title action, "The plaintiff … shall set forth in his

17  complaint the nature of his estate, claim or title to the property, and the defendant may set up a

18  legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable,

19  shall prevail."  RCW 7.28.120.  A quiet title action may only be brought against a tenant in

20  possession or a "person claiming title or some interest" in the property.  RCW 7.28.010.  It is an

21  equitable mechanism designed to resolve competing claims of ownership.  Walker, —— Wn.

22  App. at ——, 308 P.3d 716.  Moreover, it is a long-standing principle that "[t]he plaintiff in an

23

24

1    action to quiet title must succeed on the strength of his own title and not on the weakness of his

2    adversary." <u>Desimone v. Spence</u>, 51 Wn.2d 412, 415, 318 P.2d 959 (1957).

3         Robertson's quiet title action fails as a matter of law.  First, he fails to allege Defendants,

4    especially Chase, have an interest in the property.  Second, even apart from that fundamental

5    flaw, his claim for quiet title is based on theories already rejected by this Court —procedural

6    violations of the DTA and the Nicholls' Deed of Trust being void.  Because his property remains

7    encumbered by the senior Nicholls' Deed of Trust (as it has been since he purchased the

8    property), Robertson does not have the superior title and this claim fails.

9    **3.  Criminal Profiteering**

10        Washington enacted the Criminal Profiteering Act, RCW 9A.82, or "little RICO" to

11   combat organized crime. <u>Winchester v. Stein</u>, 135 Wn.2d 835, 849 (1998).  The statute requires

12   an injury to a person, business or property by an act of criminal profiteering, which requires a

13   commission of specific enumerated felonies for financial gain, that is part of a pattern of criminal

14   profiteering (three or more acts within a five year period that are similar or interrelated to the

15   same enterprise) and damages.  RCW 9A.82.010(4).

16        Robertson alleges no basis on which Chase can be liable under RCW 9A.82: he alleges

17   neither the elements of fraud or any of the felonies listed in the statute.  <u>Stiley v. Block</u>, 130

18   Wn.2d 486 (1996).  Nor does he identify a criminal enterprise with any specificity.  Fed. R. Civ.

19   P. 9(b).  He fails to plead a claim for Criminal Profiteering Act, the Court grants the motion as to

20   Defendant Chase.

21   **4.  Consumer Protection Act Claim**

22        The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or

23   practices in the conduct of any trade or commerce."  RCW 19.86.020.  A private cause of action

24

1  exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce,

2  (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.

3  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

4       Robertson asserts a claim for violations of the CPA, but fails to allege any facts

5  underpinning a deceptive or unfair business practice by Defendants. Whether an act is unfair or

6  deceptive is a question of law. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133,

7  150 (1997). Washington courts have held that a deceptive act must have the capacity to deceive a

8  substantial portion of the population (Sing v. John L. Scott, Inc., 134 Wn.2d 24, 30 (1997)) and

9  "misleads or misrepresents something of material importance." Holiday Resort Cmty. Ass'n v.

10  Echo Lake Assocs., LLC, 134 Wn. App. 210, 226 (2006).  Robertson's claim is premised on the

11  notion that: "Chase recorded (or authorized) the placement of documents in the public record

12  which made false claims of authority or transaction, deceiving Plaintiff and the general public."

13  But, as Chase correctly argues, it had no obligation to him (as he is a third party) nor is his claim

14  actionable.  See Centurion Props., III, LLC v. Chicago Title Ins. Co., 2013 WL 3350836, *4, *6-

15  *7 (E.D. Wash. July 3, 2013) (rejecting duty to third parties to ensure accuracy of recorded

16  documents and dismissing tort claim as disguised slander-of-title claim).

17       Likewise, he fails to show any injury to business or property, which was caused by a

18  deceptive act.  "Personal injuries, as opposed to injuries to business or property, are not

19  compensable and do not satisfy the injury requirement."  Panag v. Farmers Ins. Co. of Wash.,

20  166 Wn.2d 27, 57 (2009). To show causation, "plaintiff must establish that, but for the

21  defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."  Indoor

22  Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 84 (2007).  Robertson

23  claims he took out loans in the hopes of paying off the Nicholls' Deed of Trust.  An existing

24

1    obligation—a lien on the property—does not constitute an injury. Nor does Robertson show the

2    supposed injury resulted from Chase's actions. The Court GRANTS the motion to dismiss the

3    CPA claim against Chase.

4      B. GMAC's Summary Judgment Motion

5      GMAC Defendants echo Chase's arguments in their motion for summary judgment,

6    urging the Court to dismiss Robertson's claims for declaratory judgment and quiet title.

7      A party is entitled to summary judgment of its claims when "there is no genuine dispute

8    as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

9    56(a). As the moving party, the GMAC Defendants bear the initial burden of demonstrating the

10    absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S.

11    242, 256 (1986). Once the GMAC Defendants meet that initial burden, "the burden shifts to

12    [Defendants] to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing

13    that there is a genuine issue for trial." FTC v. Stefanchik, 559 F.3d 924, 928 (9th Cir.2009).

14      1. Declaratory Judgment

15      This Court, in the preceding pages, held that as a matter of law Plaintiff lacks standing to

16    bring DTA related claims because the statute does not confer any procedural rights to third-

17    parties. Defendants owed him no duty nor is the Nicholls' Deed of Trust void. Because

18    Plaintiff's claim for declaratory judgment against the GMAC Defendants is identical the claim

19    asserted against Chase, the Court adopts the reasoning discussed above. As such, Plaintiff's

20    claim for declaratory judgment against the GMAC Defendants also fails as a matter of law.

21      2. Quiet Title

22      Plaintiff's claim to quiet title against the GMAC Defendants also fails for the same

23    reasons as discussed above. In particular, to succeed on this claim Plaintiff must show his title is

24

1    superior.  The record on this issue is identical to what the Court considered on Chases motion: a

2    copy of the Nicholls' Deed of Trust, the Nicholls' Note, and the complaint.  Again, in the light

3    most favorable to Robertson, the Court finds the record lacks any genuine factual dispute that

4    would support quieting title to the property in favor of him.  Instead, the Nicholls' Deed of Trust

5    encumbers the property, just as it did when Plaintiff purchased it.

6                                                    **Conclusion**

7            Viewing the facts in the light most favorable to Plaintiff, the claims alleged against Chase

8    in this case are not plausible.  The Court GRANTS Defendant Chase's motion.  Further, the

9    Court also GRANTS the GMAC Defendants' motion for summary judgment on the declaratory

10   and quiet title claims because these claims fail as a matter of law.

11           The clerk is ordered to provide copies of this order to all counsel.

12           Dated this <u>14th</u> day of November, 2013.

13

14                                                          Marsha J. Pechman
                                                            Chief United States District Judge
15

16

17

18

19

20

21

22

23

24