UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>            Plaintiff,<br><br>     v.<br><br>GMAC MORTGAGE LLC, et. al.<br><br>            Defendants. | CASE NO. C12-2017-MJP<br><br>ORDER DENYING MOTION TO VACATE ORDERS |

This matter comes before the Court on Plaintiff's motion to vacate several of this Court's prior orders. (Dkt. No. 126.) Having reviewed the motion, Defendants' responses (Dkt. Nos. 131-34, 140-42), Plaintiff's reply (Dkt. No. 144), and all related papers, the Court DENIES the motion.

Discussion

Under Rule 54(b), a non-final order "may be revised at any time before the entry of a judgment...." Fed.R.Civ.P. 54(b). Accordingly, district courts have "complete power" over non-final orders and may vacate or revise them "at any time," if doing so would be "consonant with equity." United States Gypsum Co. v. Pac. Award Metals, Inc., No. C 04–04941 JSW, 2006 WL

1825705, at * 1 (N.D.Cal. July 3, 2006). A non-final order for Rule 54 purposes is one that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed.R.Civ.P. 54(b).

Immediately following the Washington State Court of Appeal's decision in Walker v. Quality Loan Serv. Corp., 308 P.3d 716, 720 (Wn. App. 2013). Plaintiff requested this Court vacate its prior orders and revive his claims against defendants already dismissed from this case. Specifically, Plaintiff moves the Court to vacate: (1) its orders dismissing Defendants LSI Title Agency, Inc. and First American Title Company (Dkt. Nos. 58, 98); and (2) its order denying Plaintiff's motion to certify questions to the Washington State Supreme Court (Dkt. No. 111).

In Walker, Division 1 of the Washington State Court of Appeals held that a borrower or grantor may have a claim for damages for pre-foreclosure violations of the Deed of Trust Act ("DTA") under RCW 61.24.127. The Walker court reasoned that because only a properly appointed successor trustee has authority to issue a notice of trustee's sale, "when an unlawful beneficiary appoints a successor trustee, the putative trustee lacks the legal authority to record and serve a notice of trustee's sale." Walker, 308 P.3d at 721. Such actions, the court held, constitute material violations of the DTA. Id. at 722. The court further explained that where a trustee has failed to materially comply with the provisions of the DTA, such conduct gives rise to a presale cause of action for damages. Id.

Plaintiff's argument is without merit for the following reasons:

First, Walker is not controlling authority: when sitting in diversity and considering issues of state law, federal courts are bound only by the decisions of the state's highest court. In re Kirkland, 915 F.2d 1236, 1238–39 (9th Cir. 1990).

1          Second, even if this Court choose to follow the state's intermediate appellate court,

2  Plaintiff cannot benefit from the Walker decision because he lacks standing to pursue claims for

3  damages under the DTA.  Unlike Walker, Plaintiff is not a grantor or borrower on the the deed of

4  trust executed by Linda Nicholls, the property's prior owner.  (Dkt. No. 1.)  As such, Defendants

5  owed him no duty and he lacks standing to being any claim for damages relating to pre-

6  foreclosure irregularities.

7          Third, Walker does not change the result of the challenged orders.  Plaintiff claims the

8  orders dismissing Defendants LSI and First American and denying the motion to certify

9  questions to the Washington State Supreme Court should be vacated because they "substantively

10 relief [sic.] upon prior decisions of the Western District of Washington in Vawter and Massey,"

11 which Walker explicitly rejected.  (Dkt. No. 126 at 5.)  In reality, the order dismissing LSI did

12 not even cite to the above-mentioned cases.  (Dkt. No. 58.)  Nor do the orders dismissing First

13 American and declining to certify questions to the Washington State Supreme Court, require

14 vacation.  As described above and in this Court's recent summary judgment order, Plaintiff lacks

15 standing under the DTA to challenge presale irregularities and seek damages.  Therefore, on

16 these facts, dismissal was required by Washington law and there was no reason to certify the

17 proposed questions to the Washington State Supreme Court.

**Conclusion**

19         Because Walker is neither authoritative nor applicable, the Court DENIES the motion.

20 The clerk is ordered to provide copies of this order to all counsel.

21         Dated this 15th day of November, 2013.

                                       Marsha J. Pechman
                                       Chief United States District Judge

ORDER DENYING MOTION TO VACATE
ORDERS- 3