UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>        Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE LLC,<br><br>        Defendant. | CASE NO. C12-2017-MJP<br><br>ORDER DENYING MOTION TO RECUSE |

This matter comes before the Court on Plaintiff Duncan Robertson's motion to recuse (Dkt. No. 164.) Having reviewed the motion and all related papers, the Court DENIES the motion to recuse.

**Discussion**

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

Plaintiff asserts two grounds for recusal: 1) what appears to be his disagreement with the Court's prior orders; and 2) his belief the Court has never provided relief to a plaintiff bringing a claims involving a deed of trust. The Court DENIES the motion as to both grounds.

Turning to the first, a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties. Bias is almost never established simply because the judge issued an adverse ruling. Plaintiff may disagree with this Court's rulings but that is a basis for appeal, not disqualification. The Court notes that he has appealed some of this Court's interlocutory decisions, but the Ninth Circuit has refused to intervene. (See Dkt No. 135.)

As to other cases involving deeds of trust, the Court reviews each case on its merits and applies the controlling law accordingly. If Plaintiff believes case law should change, this is a matter for appeal and not recusal. Whether recusal is warranted is not a numbers game. Further, without agreeing with Plaintiff's characterization of other cases involving deeds of trust, if those Plaintiffs disagree about how this Court has applied the law to their claims, they are free to appeal. The Court, however, knows of no reversal by the Ninth Circuit of its orders in prior deed of trust cases.

## CONCLUSION

The Court finds there is no reasonable basis for a voluntary recusal in this instance. Accordingly, the Court **DENIES** Plaintiff's motion to recuse.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>6th</u> day of January, 2014.

Marsha J. Pechman
Chief United States District Judge