UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                               )
DUNCAN K. ROBERTSON,        )    No. C12-2017MJP
                               )
          Plaintiff,            )
       v.                        )    ORDER
                               )
GMAC MORTGAGE, LLC, *et al.*,    )
                               )
          Defendants.      )
_____)

This matter comes before the Court under LCR 3(e). Plaintiff has filed a "Motion to Recuse" the Honorable Marsha J. Pechman in the above-captioned matter. Dkt. # 164. Judge Pechman declined to recuse herself voluntarily, and the matter was referred to the undersigned for review.

Section 455 of title 28 of the United States Code governs the disqualification of a judicial officer. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

A judge must recuse himself if a reasonable person would believe that she is unable to be

ORDER

impartial.  Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).  A litigant cannot, however, use the recusal process to remove a judge based solely on adverse rulings in the pending case:  the alleged bias must result from an extrajudicial source.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues that Judge Pechman's rulings regarding the existence of federal jurisdiction and the adequacy of certain claims are unsupported or contrary to law and can be explained only by a presumption of bias or prejudice against plaintiff.  Despite the fact that plaintiff clearly disagrees with Judge Pechman's rulings, he has not shown that they were so legally, factually, or procedurally incorrect as to give rise to an inference of bias.[1]  Given the fact that plaintiff waited until ten days before trial and after Judge Pechman had ruled against him on a number of key issues to request reassignment of the case, the risk that the litigant is using the recusal motions for strategic purposes is considerable.  See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).  Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.[2]

---

[1] Objections to a judge's decisions are properly raised through a motion for reconsideration and/or an appeal, not a motion to recuse.

[2] Plaintiff's counsel argues that Judge Pechman has erred in other cases involving the Deed of Trust Act or the certification of questions to the Washington Supreme Court and that Judge Pechman "dismisses claims by borrowers more often than do federal district courts generally."  Dkt. # 166. Plaintiff has not shown how a perceived error in another case harmed him.  Nor does a judicial officer's consistent dismissal of a certain type of claim on reasonable grounds raise a presumption of prejudice under 28 U.S.C. § 144 or § 455.

ORDER  -2-

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Pechman's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Pechman from this matter is DENIED.

Dated this 6th day of January, 2014.

Robert S. Lasnik
United States District Judge

ORDER -3-