UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON, | CASE NO. C12-2017-MJP |
| Plaintiff, | ORDER DENYING MOTION TO CERTIFY QUESTIONS |
| v. | |
| GMAC MORTGAGE LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to certify three questions to the Washington Supreme Court. (Dkt. Nos 159, 161.)[1] Having reviewed the motion, the responses (Dkt. Nos. 172-73, 175), the replies (Dkt. Nos. 178-79), and all related papers, the Court DENIES the motion.

//

//

//

---

[1] These documents were filed separately, but appear to be identical in content and seek the same relief. The Court considers these two documents a single motion.

**Discussion**

Following this Court's orders dismissing nearly all of the Defendants from this case, and denying Plaintiff's motion to vacate those prior orders, Plaintiff asks the Court to certify three questions to the Washington Supreme Court:

1. Does a property owner (homeowner), not a party to the deed of trust, have standing to challenge a wrongful foreclosure of their property under the Washington Deed of Trust Act, RCW 61.24 et seq. (DTA), including seeking compensation for injury to property and damages which may have resulted from unlawful foreclosure procedures when a sale based upon the deed of trust has been discontinued?

2. Does a party purchasing at a second-deed-of-trust trustee's sale succeed to the rights of the "grantor" of a prior deed of trust, under RCW 61.24.005(7)?

3. May a property owner asserting the strength of their own title bring an action to quiet title under RCW 7.28 et seq. to remove an invalid instrument clouding their title and preventing property use, under the principles affirmed in Robinson v. Khan, 89 Wn. App. 418, 948 P.2d 1347 (App. Ct. 1988)?

(Dkt. No. 161 at 6.)

A question may be certified to the Washington Supreme Court when "in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state ... and the local law has not been clearly determined[.]" RCW 2.60.020. The certification process is intended to "build a cooperative judicial federalism" and serve the interests of judicial efficiency and comity. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. Thompson v. Paul, 547 F.3d 1055, 1065 (9th Cir. 2008). A party should not be allowed "a second chance at victory" through certification by the appeals court after an adverse district court ruling. In re Complaint of McLinn, 744 F.2d 677, 681 (9th Cir. 1984). See also Perkins v. Clark Equip. Co., Melrose Div., 823 F.2d 207, 209–10 (8th Cir.

1987) (noting that request for certification was not made "until after the motion for summary judgment had been decided against them," and stating that this "practice ... should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse ruling.").

The Court DENIES the motion for two reasons.  First, Plaintiff's request comes only after adverse rulings on the very questions he now wants the Washington Supreme Court to address.  Yet Plaintiff fails to identify a "particularly compelling reason" to certify questions following these adverse rulings.  He argues the same reasons that prompted this Court to certify questions in Frias v. Asset Forfeiture Servs., Inc., Case No. C13–0760–MJP, Dkt. No. 48 at 3 (W.D.Wash. Sept. 25, 2013), should apply here.  Plaintiff's case differs from Frias in meaningful ways.  This Court certified questions in Frias only after an intermediate state appellate court reached a contrary result.  (Id.)  In contrast, the law regarding Plaintiff's claims is not uncertain.

Second, the questions are unnecessary for the Court to dispose of these proceedings.  The first two proposed questions address Plaintiff's standing and remedies under the Deed of Trust Act ("DTA").  He claims to be entitled to relief under those provisions applying to a "grantor."  The Court has already ruled that Plaintiff lacks standing to sue under the DTA for pre-foreclosure irregularities because he does not meet any of the criteria to be a "grantor" under that statute.  There is no uncertainty in Washington law on the issues raised by Plaintiff.  Because this pivotal legal issue has already been decided and nearly all the Defendants dismissed from this case, there is also no reason to certify questions to the Washington Supreme Court.

Plaintiff also seeks to certify a question regarding his quiet title claim.  The Court also DENIES this request.  The Court has already ruled on the merits of Plaintiff's claim, finding Defendants do not claim an ownership interest in the property and the quiet title

claim fails as a matter of law. Nor is certification required under Robinson v. Khan, 89 Wn. App. 418 (1988). In Robinson, the Washington Court of Appeals was asked whether title to property was clouded by a recorded agreement providing that upon the sale of the property, the defendants were entitled to 15 percent of the net proceeds of the sale. In that case, the court held that because a buyer would prefer to purchase without it, and because the recording had the potential to stand in the way of plaintiffs' exercise of their ownership rights. Unlike that case, the Court granted summary judgment in favor of Defendants because Plaintiff lacks a viable theory to assert a claim for quiet title. (See Dkt. No. 149.) Because Court has already addressed the merits of his claims and certification will not assist in the disposition of these proceedings, the Court DENIES the motion.

## Conclusion

The Court DENIES the motion (Dkt. Nos. 159, 161) because: (1) the Court has already ruled on the merits of Plaintiff's claims; ( 2) he fails to overcome the presumption against certification where the Court has issued adverse rulings; and (3) certification will not assist in the disposition of these proceedings.

The Clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of May, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION TO CERTIFY
QUESTIONS- 4