UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE LLC, et al.,<br><br>    Defendants. | CASE NO. C12-2017-MJP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Bank of New York Trust Company N.A.'s motion for summary judgment. (Dkt. No. 183.) Having reviewed the motion, the response (Dkt. No. 188), the reply (Dkt. Nos. 178-79), and all related papers, the Court GRANTS the motion.

**Background**

This case concerns a piece of property in Seattle, Washington, currently owned by Plaintiff Duncan Robertson. (Dkt. No. 4–1 at 4.) The relevant facts of this case begin in 1999 when the property's prior owner, Linda Nicholls, executed an adjustable rate note for $100,000 from Old Kent Mortgage Company. (Dkt. No. 64–1 at 4.) Ms. Nicholls inherited the property

from her mother. To secure the note, Nicholls executed a Deed of Trust against the property in favor of Old Kent Mortgage. (Dkt. No. 51–1 at 15.) The Nicholls Deed of Trust was recorded in King County. (Id. at 2.) Since 1999, the Nicholls' Note and Deed of Trust have been assigned several times. Plaintiff has never been a party to those instruments.

In 2006, Nicholls borrowed money from Plaintiff. The loan was secured by a third-position deed of trust, which was junior to the Nicholls' Deed of Trust. (Dkt. Nos. 51–3, 51–4). Nicholls defaulted on the loan from Robertson. Robertson then foreclosed on his deed of trust. In the resulting non-judicial foreclosure sale, Robertson purchased the property. (Dkt. No. 51–2 at 2.) The Nicholls' Deed of Trust continued to encumber the property, even after Robertson's foreclosure on the junior obligation.

Robertson wanted to pay off the Nicholls' senior deed of trust obligation. Most of his claims asserted in this case involve these alleged attempts. (Dkt. No. 4-1 at 11.) The Bank of New York Trust Company, N.A. ("BNY") has limited involvement in these events. The record before this Court shows that in early 2007, BNY appointed First American Title Company as successor trustee. (Dkt. No. 190-7 at 1.) In 2012, a corrective Corporate Assignment of the Deed of Trust was recorded in which BNY, along with other entities listed as the successor trustees, assigned the Nicholls' Deed of Trust to Residential Funding Company, LLC. (Dkt. No. 185 at 53.) The corrective filing was done by GMAC, another defendant in this case.

Plaintiff initiated this case in King County asserting 12 causes of action against various parties who had dealings with the Nicholls' Deed of Trust. (Dkt. No. 4-1.) Defendants removed the case to this Court. (Dkt. No. 1.) BNY now moves for summary judgment.

//

//

## Discussion

A. Legal Standard on a Motion Summary Judgment

Federal Rule 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a factual dispute requiring trial exists, the court must view the record in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). All material facts alleged by the non-moving party are assumed to be true, and all inferences must be drawn in that party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008).

A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When a lawsuit consists of multiple causes of action, the court may grant summary judgment on all or any part thereof. Fed. R. Civ. P. 56(a).

B. Subject Matter Jurisdiction

Plaintiff attacks the jurisdiction of this Court to hear his Deed of Trust Act ("DTA") claims. He argues the Washington Constitution confers exclusive jurisdiction over cases involving "title of possession of real property" to state superior courts, not federal court. (Dkt. No. 188 at 8-9.) While the Washington Constitution does address the hierarchy between the state's courts and vests original jurisdiction for those matters dealing with real property or title in the superior court, those provisions do not proscribe any limitations on the jurisdiction of this Court. Nor could the Washington state limit federal court jurisdiction. Haywood v. Drown, 556

U.S. 729 (2009). In accordance with the Supremacy Clause of the U.S. Constitution, the Supreme Court recently held that while states retain substantial leeway to establish the contours of their judicial systems, they lack authority to nullify a federal right or cause of action they believe is inconsistent with their local policies. (Id. at 736.) A state's authority to organize its courts, while considerable, remains subject to the strictures of the federal Constitution. See McKnett v. St. Louis & San Francisco R. Co., 292 U.S. 230, 233 (1934). Both federal court's ability to decide this state-law claim and the propriety of the removal statute are not up for legal debate. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808 (1966.)

In a second line of attack, he suggests this Court lacks subject matter jurisdiction because removal would be impermissible "if the superior court of Washington has no subject matter jurisdiction, i.e. authority, pursuant to Wash. Const. art IV, §6 to acquiesce to the DTA provisions." (Id. at 1.) According to Plaintiff, the DTA is unconstitutional because it takes "exclusive jurisdiction from the superior court and gives it over to financially incentivized trustees." (Dkt. No. 188 at 14.) In doing so, he argues that the DTA violates Article IV, section 6 of the Washington Constitution. Plaintiff's argument makes little sense. Even if the DTA is unconstitutional, superior courts—and this Court—have jurisdiction to hear the matter to rule on Plaintiff's challenge. Plaintiff appears to have concocted this argument from whole cloth.

The cases cited by Plaintiff do not support his theory. In re Marriage of Buecking, 179 Wn.2d 438, 446 (2013), the Washington Supreme Court held the superior court's entry of a marriage dissolution decree before the 90-day cooling off period lacked authority, but did not deprive the superior court of jurisdiction. The other case cited by Plaintiff, Blanchard v. Golden Age Brewing Co., 188 Wn. 396 (1936), is equally off point. In Blanchard, the legislature enacted a law barring courts from issuing injunctions in labor disputes except under limited

circumstances. Noting that "[t]he writ of injunction is the principal, and the most important, process issued by courts of equity, it being frequently spoken of as the 'strong arm of equity,'" the Washington Supreme Court held that the statute was unconstitutional because "[t]he legislature cannot indirectly control the action of the court by directing what steps must be taken in the progress of a judicial inquiry, for that is a judicial function." Id. at 418. Blanchard did not address superior court's subject matter jurisdiction. It does not support Plaintiff's theory.

In sum, Plaintiff's attacks on this Court's jurisdiction are without merit.

C. Constitutionality of DTA

Plaintiff asserts several broad challenges to the Deed of Trust Act ("DTA"). He claims summary judgment should be granted in his favor because the statute is unconstitutional.

Plaintiff ignores the well-settled principle that courts will not pass on the constitutionality of an act of Congress or a state legislature if the merits of the case may be fairly determined otherwise on nonconstitutional grounds. Escambia County, Fla. v. McMillan, 466 U.S. 48 (1984). In other words, if a sufficient nonconstitutional ground for a decision is available the court must begin and end there. (Id.)

Here, the Court can resolve these issues without addressing Plaintiff's broad constitutional claims. Plaintiff seeks a declaratory judgment that the named Defendants "did not have a valid legal interest in the Nicholls' Deed of Trust."[1] (Dkt. No. 4-1.) He also lists on his complaint a claim for wrongful foreclosure, but fails to develop it. But, even in the light most favorable to him, Plaintiff lacks viable claims against BNY under the DTA. For starters, BNY

---

[1] Further, Washington courts have rejected the very arguments forwarded by Plaintiff. In Kennebec v. Bank of the West, 88 Wn.2d 718 (1977), the Washington Supreme Court upheld the constitutionality of the DTA under the federal Fourteenth Amendment and Article I, section 3 of the Washington Constitution.

has had no involvement in the foreclosure efforts of the property, since Plaintiff owned it. Plaintiff points to a 2012 assignment, executed by GMAC. But, this document appears to be nothing more than an effort by GMAC to ensure its affairs were in order. BNY did not execute it. Even if that were not the case, Plaintiff does not argue this document is material to his claim or evidence some wrongdoing by BNY.

This Court has already concluded that Plaintiff lacks standing to bring these DTA based claims. (Dkt. No. 200.) Because he has no interest in the Nicholls' Deed of Trust, he is not a "grantor" under the DTA and cannot recover for pre-sale irregularities. RCW 61.24.090 provides him with a remedy to cure any default on the Nicholls' loan and extinguish the senior lien. His lack of standing precludes these broad challenges to the constitutionality of the DTA.

D. Plaintiff's Remaining Claims

Defendant BNY moves for summary judgment on all of Plaintiff's claims. Plaintiff makes no argument in opposition. (Dkt. No. 188.) Nonetheless, the Court must address each in turn.

a. Quiet Title

The Court grants summary judgment to BNY on the quiet title claim. Washington law provides in a quiet title action, "The plaintiff … shall set forth in his complaint the nature of his estate, claim or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." RCW 7.28.120. A quiet title action may only be brought against a tenant in possession or a "person claiming title or some interest" in the property. RCW 7.28.010. It is an equitable mechanism designed to resolve competing claims of ownership. Walker, ––– Wn. App. at –––, 308 P.3d 716. Moreover, it is a long-standing principle that "[t]he plaintiff in an action to quiet title must

1  succeed on the strength of his own title and not on the weakness of his adversary." Desimone v.
2  Spence, 51 Wn.2d 412, 415 1957). Here, Plaintiff fails to allege BNY has any interest in the
3  subject property or that it continues to encumber his title.

4  Plaintiff argues he is entitled to quiet title because any action to foreclose on the
5  Nicholls' Deed of Trust would be barred by the statute of limitations. (Dkt. No. 188 at 6.) He
6  cites to RCW 7.28.300 for the following:

> The record owner of real estate may maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such a lien.

RCW 7.28.300. Plaintiff fails to show the statute of limitations has expired. Under RCW 4.16.270, the statute of limitations commences from the last payment. A paralegal from Plaintiff's counsel's firm calculates that the statute of limitations ran out on January 27, 2014. (Dkt. No. 190.) The Court agrees with BNY that the paralegal, Mr. Fasset, fails to show he is qualified to perform this analysis or the analytical basis for the conclusion. Moreover, the undisputed records before this Court show the last payment on Ms. Nicholls' last payment on the loan was August 10, 2009.[2] The statute of limitations has not expired and Plaintiff cannot invoke RCW 7.28.300 to quiet title.

Further, Plaintiff asks the Court for equitable relief on the grounds it has been difficult to identify who holds the Nicholls' note. (Dkt. No. 188 at 4.) While this may be true, Plaintiff offers no authority for the proposition that quieting title is an appropriate remedy in such

---

[2] Plaintiff asks the court to take judicial notice of a similar document filed in New Mexico and rejected by a court there for lack of personal knowledge. The Court finds this declaration of Kevin Flannigan sufficiently based on personal knowledge, given his position in the company and substance of the records themselves (records of Nicholls' account).

circumstances. Moreover, Plaintiff appears to know who owns the senior lien (through public records). The Court grants summary judgment to BNY on this claim.

      b.  Little RICO

Washington enacted the Criminal Profiteering Act, RCW 9A.82, or "little RICO" to combat organized crime. Winchester v. Stein, 135 Wn.2d 835, 849 (1998). The statute requires an injury to a person, business or property by an act of criminal profiteering, which requires a commission of specific enumerated felonies for financial gain, that is part of a pattern of criminal profiteering (three or more acts within a five year period that are similar or interrelated to the same enterprise) and damages. RCW 9A.82.010(4). BNY is not liable under RCW 9A.82. There is no triable issue as to whether BNY engaged in fraud or any of the felonies listed in the statute. Stiley v. Block, 130 Wn.2d 486 (1996). The Court grants summary judgment to BNY on this claim.

      c.  Consumer Protection Act

The Washington's Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

Plaintiff asserts a CPA claim against BNY, but he fails to show any injury to business or property. "Personal injuries, as opposed to injuries to business or property, are not compensable and do not satisfy the injury requirement." Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 57 (2009). To show causation, "plaintiff must establish that, but for the defendant's unfair or

deceptive practice, the plaintiff would not have suffered an injury." Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 84 (2007). Robertson claims he took out loans in the hopes of paying off the Nicholls' Deed of Trust. An existing obligation—a lien on the property—does not constitute an injury. Nor does Robertson show the supposed injury resulted from BNY's actions. Summary judgment is awarded to BNY on this claim.

## Conclusion

Because there are no genuine issues of material fact on Plaintiff's claims against Defendant BNY, the Court grants summary judgment in favor of BNY. The Court also finds it has subject matter jurisdiction over Plaintiff's Deed of Trust Act claim and can resolve that claim without need to address Plaintiff's constitutional challenges.

The Clerk is ordered to provide copies of this order to all counsel.

Dated this 28th day of May, 2014.

Marsha J. Pechman
Chief United States District Judge