UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE LLC,<br><br>    Defendant. | CASE NO. C12-2017-MJP<br><br>ORDER DENYING MOTION TO RECONSIDER |

This matter comes before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 202.) Having reviewed the motion and all related papers, the Court DENIES Plaintiff's request for reconsideration of the order on summary judgment (Dkt. No. 201).

Under Local Rule 7(h), "[m]otions for reconsideration are disfavored." LR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.; see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma, 571 F.3d 873, 880 (9th Cir. 2009)(finding a motion for reconsideration warranted only when a district court is presented with newly discovered evidence, committed clear error, or

1 when there is an intervening change in the controlling law).  Plaintiff fails to acknowledge this

2 standard.  He instead suggests—for the first time—the Could should have remanded the case

3 once the claims had been dismissed.  He essential makes arguments that should have been made

4 in the response to the motion for summary judgment.  To the extend there maybe manifest error

5 in the Court's decision, the Court considers the arguments raised in the motion for

6 reconsideration.  As discussed below, the Court finds no manifest error.

7       Plaintiff erroneously argues the case should have been remanded to state court following

8 this Court's decision that Plaintiff lacks standing to bring claims under the Deed of Trust Act

9 ("DTA").  (Dkt. No. 202 at 5.)  Plaintiff conflates his lack of standing to bring a DTA claim with

10 Article III standing.  See 32A Am. Jur. 2d Federal Courts § 590.  His lack of standing on the

11 DTA claim has no affect on this Court's jurisdiction over his other claims.  As such, there is no

12 error.  This Court has jurisdiction under 28 U.S.C. §1332(a).  (Dkt. No. 82.)

13       In the same vein, Plaintiff argues "whereas all defendants have now been dismissed on

14 identical claims to thise brought against in forum defendant LSI Title Agency, Inc., remand is

15 also required under Hunter, 582 F.3d at 1044-45…"  (Dkt. No. 202 at 7.)  Plaintiff's argument is

16 flawed in two respects.  First, all claims and defendant's have not been dismissed in this case:

17 only some of the claims against the GMAC defendants have been addressed, pending the

18 resolution of GMAC's bankruptcy filing.  (Dkt. Nos. 55, 149.)  Second, Hunter v. Philip Morris

19 USA, 582 F.3d 1039, addressed a district court's preemption ruling not the circumstance present

20 here.

21       In sum, the Court finds no manifest error or other grounds warranting reconsideration.

22 The motion is DENIED.

23     //

24

ORDER DENYING MOTION TO RECONSIDER-
2

1   The clerk is ordered to provide copies of this order to all counsel.

2   Dated this <u>11th</u> day of June, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION TO RECONSIDER- 3