UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUNCAN K ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE LLC, et al.,<br><br>Defendants. | CASE NO. C12-2017-MJP<br><br>ORDER GRANTING IN PART MOTIONS FOR PROTECTIVE ORDERS |

THIS MATTER comes before the Court on Defendant Bank of New York Mellon Trust Company, N.A.'s Motion for Protective Order (Dkt. No. 248), Defendant LSI Title Agency, Inc.'s Motion for Protective Order (Dkt. No. 250), and Defendant JPMorgan Chase Bank, N.A.'s Motion for Protective Order (Dkt. No. 253). Having considered the Parties' briefing and the related record, the Court GRANTS the Motion of JPMorgan Chase Bank, N.A., and GRANTS in part and DENIES in part the Motions of Bank of New York Mellon Trust Company, N.A. and LSI Title Agency, Inc.

This matter is before the Court on a limited remand from the Ninth Circuit. (See Dkt. Nos. 220, 224). On remand, this Court has been instructed to hold "an evidentiary hearing to

1  determine the location of LSI's principal place of business." (Dkt. No. 220 at 6.) Additionally,
2  the Court has been instructed to "determine the location of Chase's and BNY's main offices."
3  (Id.) Accordingly, in considering Defendants' motions for protective orders in response to
4  Plaintiff's Request for Depositions and Identification of Defendants' 30(b)(6) Designees, the
5  Court must consider the dictates of the Federal Rules of Civil Procedure concerning relevance
6  and proportionality. See Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any
7  nonprivileged matter that is relevant to any party's claim or defense and proportional to the
8  needs of the case, considering the importance of the issues at stake in the action, the amount in
9  controversy, the parties' relative access to relevant information, the parties' resources, the
10 importance of the discovery in resolving the issues, and whether the burden or expense of the
11 proposed discovery outweighs its likely benefit."). In making the following determinations, the
12 Court is mindful of the fact that Defendants have the burden of proof in establishing their
13 citizenships, and that deposing multiple witnesses on tangential topics is neither necessary nor
14 appropriate for the citizenship inquiry as laid out by the Ninth Circuit's remand.

15    Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion for a Protective Order is
16 GRANTED. (Dkt. No. 253.) Based on the documents submitted and Plaintiff's own pleadings,
17 there appears to be no contest regarding the location of Chase's main office. The requested
18 depositions do not target information relevant to the limited proceedings in this Court because
19 they do not target information relevant to determining the location of Chase's main office, and
20 therefore the requested depositions go beyond the needs of this case. Accordingly, Chase's
21 Motion for a Protective Order forbidding Plaintiff from deposing any Chase representatives is
22 GRANTED.

23
24

1    Defendant Bank of New York Mellon Trust Company, N.A.'s ("BNYMTC") Motion for

2 Protective Order is GRANTED in part and DENIED in part. (Dkt. No. 248.) While the Court

3 agrees that some of Plaintiff's requests do not target information relevant to determining the

4 location of BNYMTC's main office, the Court finds that some of Plaintiff's requests are targeted

5 towards relevant information. Accordingly, in order to allow for discovery that is proportional to

6 the needs of this case, Plaintiff shall be entitled to depose Michael Thompson. However, the

7 scope of that deposition shall be limited to include <u>only</u> issues of BNYMTC's Articles of

8 Association and the location of BNYMTC's main office. BNYMTC's Motion for Protective

9 Order is GRANTED as to all other deposition requests regarding BNYMTC.

10   Defendant LSI Title Agency, Inc.'s Motion for Protective Order is also GRANTED in

11 part and DENIED in part. (Dkt. No. 250.) Plaintiff shall be entitled to depose witnesses Albert

12 Verkuylen and Gregory Plizga regarding information relevant to the application of the nerve

13 center test for LSI's principal place of business. <u>See</u> <u>Hertz Corp. v. Friend</u>, 559 U.S. 77 (2010).

14 Accordingly, the depositions shall be limited to include <u>only</u> issues of: (1) the identities and

15 locations of LSI's officers and offices in June and November of 2012 and in August of 2014; and

16 (2) LSI's Washington resident title insurance application and regulatory response. LSI's Motion

17 for a Protective Order is GRANTED as to all other deposition requests regarding LSI.

18   Finally, the Court must address Plaintiff's counsel's failure to meet and confer regarding

19 Defendants' objections to Plaintiff's request for depositions. The Local Rules of this District

20 <u>require</u> litigants to meet and confer regarding the substance of motions for protective orders

21 before those motions are filed. <u>See</u> LCR 26(c). "'Meet and Confer' means a good faith

22 conference in person or by telephone to attempt to resolve the matter in dispute without the

23 court's involvement." LCR 1(c)(6). There is no right to have meet and confer conferences

24

ORDER GRANTING IN PART MOTIONS FOR
PROTECTIVE ORDERS- 3

recorded or otherwise on the record.  In the future, if Plaintiff's counsel fails to cooperate with Defense counsel by meeting and conferring as required under the Local Rules, the Court will strike Plaintiff's responsive filings without considering them.

### Conclusion

The Court GRANTS Chase's Motion for Protective Order and GRANTS in part and DENIES in part BNYMTC's and LSI's Motions for Protective Orders.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 9th day of May, 2016.

Marsha J. Pechman
United States District Judge

ORDER GRANTING IN PART MOTIONS FOR
PROTECTIVE ORDERS- 4